UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, JOHN A. WAGNER, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, MILTON JONES, JON K. MCPHERSON, RICHARD D. COX, M. SCOTT HENDERSON, JASON PARADIS and GENEROSO DEL ROSARIO<br><br>18861 90th Avenue, Suite A<br>Mokena, IL 60448<br><br>                Plaintiffs,<br><br>  v.<br><br>GEPPERTH'S MEAT MARKET, INC.<br>1964 N. Halsted Street<br>Chicago, IL 60614<br><br>Serve: Zen Wealth Management Group<br>       2125 W. Irving Park Rd.<br>       Chicago, IL 60618<br>                     Defendant. | Case No. 1:20-cv-3061 |

## COMPLAINT

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Gepperth's Meat Market, Inc. ("Gepperth's" or "Defendant") as follows:

### Introduction

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*., and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Defendant for withdrawal

liability, delinquent contributions, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this district.

## Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Anthony M. Perrone, John A. Wagner, Kenneth R. Boyd, Carl Ivka, Robert A. Blair, Timothy Melia, Milton Jones, Jon K. McPherson, Richard D. Cox, M. Scott Henderson, Jason Paradis, and Generoso Del Rosario are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6. Defendant Gepperth's is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, Gepperth's is a corporation organized under the laws of the State of Illinois with a principal place of business in Chicago, Illinois.

**Governing Documents**

7. At all times relevant to this action, Gepperth's employed employees who were represented for the purposes of collective bargaining by United Food and Commercial Workers International Union No. 1546 ("Local 1546"), a labor organization representing employees in an industry affecting interstate commerce.

8. At all times relevant to this action, Gepperth's has been bound by Collective Bargaining Agreements ("CBAs") obligating Gepperth's to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

9. Under the CBAs, Gepperth's agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Gepperth's to submit monthly pension contributions to the Fund.

10. Gepperth's was also party to an Employer Participation Agreement with the Fund ("Participation Agreement") at all times relevant to this action. The terms of the Participation Agreement obligated Gepperth's to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

11. The Trust Agreement bound Gepperth's to the Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy").

12. The Delinquency Policy requires Gepperth's to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Fund to charge interest on late-paid contributions, and calls for the Fund to collect attorneys' fees, costs, and liquidated damages related to collecting a delinquency.

## COUNT I: DELINQUENT CONTRIBUTIONS

13. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

14. Gepperth's is obligated to pay contributions to the Fund as required by the CBA, the Trust Agreement, the Participation Agreement, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145.

15. Gepperth's made late payments on its contributions for the period of September 2019 through December 2019 and has failed to pay a total of $1,250.60 in estimated contributions owed to the Fund for the period of January 2020 through April 2020.

16. By failing to pay the required contributions, Gepperth's has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186, and the Trust Agreement.

17. Accordingly, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, and the Trust Agreement, and the Participation Agreement, Gepperth's is liable to the Fund for $1,250.60 in estimated delinquent contributions and interest for the period of January 2020 through April 2020 and any contributions that become delinquent or are discovered while this action is pending, interest accruing at the Fund's interest rate of 2% above the prime rate from the date the contributions became due and owing until the date paid, liquidated damages in an amount that is equal to the greater of the interest on the delinquent contributions or 20 percent of the amount of delinquent contributions, and reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts.

## COUNT II: WITHDRAWAL LIABILITY

18. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

19. The Fund determined that in the Plan Year ended June 30, 2016, Gepperth's effected a "partial withdrawal" from the Fund, as defined in Section 4205 of ERISA, 29 U.S.C. § 1385 ("2016 Partial Withdrawal").

4

20. The Fund determined that as a result of the 2016 Partial Withdrawal, Gepperth's incurred withdrawal liability to the Fund in the amount of $93,236.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

21. On or about January 31, 2018, the Fund issued a Notice and Demand for payment of withdrawal liability for the 2016 Partial Withdrawal in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

22. This Notice and Demand for payment informed Gepperth's that its withdrawal liability for the 2016 Partial Withdrawal was $93,236.00, payable in 80 quarterly installment payments of $1,718.00. The Notice and Demand stated the first quarterly payment was due on or before March 1, 2018.

23. The Fund later determined that in the Plan Year ended June 30, 2018, Gepperth's effected another "partial withdrawal" from the Fund, as defined in Section 4205 of ERISA, 29 U.S.C. § 1385 ("2018 Partial Withdrawal").

24. The Fund determined that as a result of the 2018 Partial Withdrawal, Gepperth's incurred withdrawal liability to the Fund in the amount of $10,552.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

25. On or about November 18, 2019, the Fund issued a Notice and Demand for payment of withdrawal liability for the 2018 Partial Withdrawal in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

26. This Notice and Demand for payment informed Gepperth's that its withdrawal liability for the 2018 Partial Withdrawal was $10,552.00, payable in 8 quarterly installment payments of $1,320.00 plus a final quarterly payment of $416.00. The Notice and Demand stated the first quarterly payment was due on or before December 1, 2019.

27. Gepperth's failed to make its quarterly payments for the 2018 Partial Withdrawal due on December 1, 2019 and March 1, 2020. Additionally, Gepperth's was late in making its quarterly payments for the 2016 Partial Withdrawal due on June 1, 2018, December 1, 2018, March 1, 2019 and June 1, 2019 and failed to make its quarterly payments due September 1, 2019, December 1, 2019, and March 1, 2020.

28. Neither Gepperth's nor any other trade or business under common control has cured the delinquent withdrawal liability installment payments from the 2018 Partial Withdrawal due on December 1, 2019 and March 1, 2020, or the delinquent withdrawal liability installment payments from the 2016 Partial Withdrawal due September 1, 2019, December 1, 2019, and March 1, 2020.

29. Neither Gepperth's nor any other trade or business under common control requested plan sponsor review or arbitration of the withdrawal liability assessment within the time periods specified in Sections 4219(b)(2)(A) and 4221(a)(1) of ERISA, 29 U.S.C. §§ 1399(b)(2)(A) and 1401(a)(1), foreclosing any challenge to the Fund's assessment and fixing the amounts due.

30. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

31. Accordingly, pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant is liable for $7,794.00 in withdrawal liability, plus accrued interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability in the amount of at least $1,558.80; and attorneys' fees and costs incurred by the Fund in pursuing this action.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs request the following relief:

(a) Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $1,250.60 in estimated delinquent contributions;

(2) Interest on the delinquent contributions at the Fund's interest rate of 2% above the prime rate accruing from the date the contributions became due and owing until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) An amount equal to the greater of the interest on the delinquent contributions or 20 percent of the delinquent contributions, in an amount of at least $239.11, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Additional contributions that may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of Gepperth's employment records;

(5) $7,794.00 in withdrawal liability;

(6) Additional interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954, accruing from the date of default until the date paid;

(7) An amount equal to the greater of the interest on the withdrawal liability or 20 percent of the withdrawal liability, in an amount of at least $1,558.80 in liquidated damages, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(8) Attorneys' fees and costs incurred by the Fund in the collection of withdrawal liability and delinquent contributions, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and;

(b) Retain jurisdiction of this case pending compliance with its Orders; and

(c) Grant Plaintiffs such other and further relief as may be just and proper.

Dated: May 22, 2020 Respectfully submitted,

/s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Kristina F. Salamoun, Esq. (Bar No. 89157)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700
(202) 234-8231 (facsimile)

/s/ *David Huffman-Gottschling*
Sherrie E. Voyles, Esq. (Bar No. 06242386)
David Huffman-Gottschling, Esq. (Bar No. 06269976)
JACOBS, BURNS, ORLOVE & HERNANDEZ LLP
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3443

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20843191v1